IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PETER KOSTYSHYN, | § | |
| | § | No. 40, 2015 |
| Defendant-Below | § | |
| Appellant, | § | |
| | § | Court Below – Superior Court of |
| v. | § | the State of Delaware in and for |
| | § | New Castle County |
| STATE OF DELAWARE, | § | Cr. ID No. 0908020496 |
| | § | |
| Plaintiff-Below | § | |
| Appellee. | § | |

Submitted: August 26, 2015
Decided: September 14, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 14th day of September 2015, the Court has considered this matter on the briefs filed by the parties. We have concluded that the judgment of the Superior Court should be affirmed on the basis of its order dated January 26, 2015, that adopted the reasons stated in the October 20, 2014 Commissioner's Report and Recommendation as to why the Defendant's Motion for Post Conviction Relief should be denied.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.[*]

BY THE COURT:

_____
Justice

---

[*] Kostyshyn's proliferation of litigation makes it challenging to monitor his conduct as a litigant. In this case, Kostyshyn appears as a Rule 61 petitioner and the Superior Court may have legitimately felt it had no discretion whether to appoint counsel for him, given the terms of Rule 61 at the time of his petition. For the sake of clarity, we note that the Superior Court has the discretion to adopt orders constraining any future abuse of the litigation process by Kostyshyn. In this regard, we note that although Kostyshyn was represented by appointed counsel paid for by the State and had his expenses paid for by the State, prior civil cases involving Kostyshyn raised important questions regarding whether he was in fact indigent and eligible for appointed counsel. *See Kostyshyn v. State*, 2013 WL 2636025 (Del. June 11, 2013).